IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION



FILED
NOV 20 2024
Clerk, U.S. District Court
Texas Eastern

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 9:24CR 16 |
| v. | § | Crone/Hawthorn |
| | § | Judge |
| JOEL BUSTAMANTE MORENO | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 18 U.S.C. § 922(o) (Unlawful Possession or Transfer of a Machine Gun)

On or about December 8, 2023, in the Eastern District of Texas, **Joel Bustamante Moreno**, defendant, did knowingly and intentionally transfer and possess a machinegun, that is, a machine gun conversion device.

In violation of 18 U.S.C. §§ 922(o) and 924(a)(2).

### Count Two

Violation: 18 U.S.C. § 922(o) (Unlawful Possession or Transfer of a Machine Gun)

On or about February 1, 2024, in the Eastern District of Texas, **Joel Bustamante Moreno**, defendant, did knowingly and intentionally transfer and possess a machinegun, that is, (1) Glock 19 Pistol 9mm bearing serial number AFHK677, which was equipped with a machine gun conversion device that made the pistol capable of firing automatically more than one shot, without manual reloading, by a single function of the trigger.

In violation of 18 U.S.C. §§ 922(o) and 924(a)(2)

### Count Three

Violation: 18 U.S.C. § 922(g)(1)
(Possession of a Firearm by a Prohibited Person)

On or about February 1, 2024, in the Eastern District of Texas, **Joel Bustamante Moreno**, defendant, did knowingly and unlawfully possess in and affecting interstate or foreign commerce, a firearm, to wit: a Diamondback, model DB-15, 5.56 NATO caliber firearm, serial number DB2044281 and a Glock 19 Pistol 9mm with serial number AFHK677, while knowing that he had been convicted of a crime or crimes punishable by imprisonment for a term exceeding one year.

In violation of 18 U.S.C. § 922(g)(1).

### Count Four

Violation:   8 U.S.C. § 1326(a) (Unlawful Reentry by Removed/Deported Alien)

On or about February 1, 2024, **Joel Bustamante Moreno**, defendant, an alien who had previously been deported or removed from the United States to Mexico on or about October 25, 2019, and September 10, 2020, was found in the Eastern District of Texas, said defendant not having received the express consent of the Attorney General and the Secretary of Homeland Security, the successor, pursuant to United States Code, Title 6, for re-application for admission to the United States.

In violation of 8 U.S.C. § 1326(a).

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

## Criminal Forfeiture Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c)

As a result of committing the felony offenses in violation of 18 U.S.C. § 922g(1) and (o) alleged in Count Ones One, Two, and Three defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any property constituting, or derived from, proceeds obtained directly, or indirectly, as a result of the said violation, and any property used, or intended to be used in any manner or part, to commit or to facilitate the commission of the said violation, including but not limited to the following:

1.) Diamondback, model DB-15, 5.56 NATO caliber firearm, serial number DB2044281;

2.) One (1) AR-type machinegun conversion device (MCD), no manufacturer's markings or serial number;

3.) Three (3) Glock-type machinegun conversion device (MCD), no manufacturer's markings or serial number

4.) Any and all associated ammunition and firearms parts.

By virtue of the commission of the offenses alleged in this indictment, any and all Interest the defendant has in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

A TRUE BILL

_____
GRAND JURY FOREPERSON

DAMIEN M. DIGGS
UNITED STATES ATTORNEY

11/20/24

_____
DONALD S. CARTER
ASSISTANT UNITED STATES ATTORNEY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | No. 9:24CR_____ |
| v. | § § | |
| JOEL BUSTAMANTE MORENO | § § | Judge |

## NOTICE OF PENALTY

### Counts One and Two

Violation:   18 U.S.C. 922(o)

Penalty:   Unlawful Possession or Transfer of a Machine Gun

Imprisonment of not more than ten (10) years, a fine not to exceed $250,000 or twice the pecuniary gain to the defendant or loss to the victim, or both imprisonment and a fine; and a term of supervised release of not more than three (3) years.

Special Assessment: $100.00

### Count Three

Violation:   18 U.S.C. § 922(g)(1)

Penalty:   Possession of a Firearm by a Prohibited Person

Imprisonment of not more than fifteen (15) years, a fine not to exceed $250,000 or twice the pecuniary gain to the defendant or loss to the victim, or both imprisonment and a fine; and a term of supervised release of not more than three (3) years. If the Court determines that the defendant is an Armed Career Offender under 18 U.S.C. § 924(e), imprisonment of not less than 15 years and not more than life, a fine not to exceed $250,000 or twice the pecuniary gain to the defendant or loss to the victim, or both; a term of supervised release of not more than five (5) years.

Special Assessment:   $ 100.00

### Count Four

Violation: Title 8, United States Code, Section 1326(a) [and (b)(1) and (b)(2), if applicable].

Penalty: Not more than two (2) years imprisonment, a fine not to exceed $250,000.00 or twice the pecuniary gain to the defendant or loss to the victim, or both; and supervised release of not more than one (1) year. *See* 8 U.S.C. § 1326(a).

If the defendant's removal (deportation) was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both; or a felony (other than an aggravated felony) - not more than ten (10) years imprisonment, a fine not to exceed $250,000.00 or twice the pecuniary gain to the defendant or loss to the victim, or both; and, supervised release of not more than three (3) years. *See* 8 U.S.C. §§ 1326(a) and (b)(1).

If the defendant's removal (deportation) was subsequent to a conviction for commission of an aggravated felony - not more than twenty (20) years imprisonment, a fine not to exceed $250,000.00 or twice the pecuniary gain to the defendant or loss to the victim, or both; and, supervised release of not more than three (3) years. *See* 8 U.S.C. §§ 1326(a) and (b)(2).

Special Assessment: $100.00